ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Standbuy Distributors, Inc. | )  ASBCA No. 62721 |
| | ) |
| Under Contract No. SPE7M3-19-P-0080 | ) |

APPEARANCE FOR THE APPELLANT:          Dale Gipson, Esq.
      Maynard, Cooper & Gale, P.C.
      Huntsville, AL

APPEARANCES FOR THE GOVERNMENT:      Daniel K. Poling, Esq.
      DLA Chief Trial Attorney
     Tyson McDonald, Esq.
     Mandy Chiles, Esq.
      Trial Attorneys
      DLA Land and Maritime
      Columbus, OH

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant, Standbuy Distributors, Inc. (SDI), has elected the Board's Rule 12.3 procedure, and the parties elected to proceed upon briefs under Rule 11.[1]  SDI appeals from the demand of the Defense Logistics Agency (DLA) for the return of payment of $49,096.65 arising from DLA's revocation of its acceptance of laser range finders that SDI sold to DLA.

FINDINGS OF FACT

On May 16, 2016, DLA ordered from SDI 123 laser range finders, Bushnell Part Number (P/N) 202320, under Purchase Order No. SPE7M9-16-M-2702 (PO 2702) (gov't mot. at 2 ¶ 9; app. resp. at 4 ¶ 9; R4, tab 79 at 806-10).  In performance of PO 2702, SDI supplied Bushnell Part Number 202421, but labeled the item boxes "P/N 202320" (gov't mot. at 2 ¶ 10; app. resp. at 4 ¶ 10).  On July 13, 2016, SDI wrote to DLA, on the subject of why the government had put a "litigation hold" on the 123 range finders:

---

[1] After the government opened briefing with what it styled a motion for summary judgment, we notified the parties that their briefs would "be treated as Rule 11 briefs and not cross-motions for summary judgment," and that "[t]he Board will engage in fact finding to resolve this appeal."

> So there is no confusion the product on a litigation hold is from Bushnell CAGE 13711 with *PN 202421* which we spoke over the phone previously about and that you had Mr. Anders locate for us on two previous contracts rec'd for at the depot. I'm hoping there is no issue with the product we supplied *as we have been supplying this China model range finder to DLA since* [] *2014. . .*

(App. supp. R4, tabs A-17, A-18) (emphasis and alteration added) DLA's July 5, 2016 payment to SDI for those range finders cleared on July 18, 2016 (R4, tab 100 at 928 ¶ 2).

On February 27, 2017, DLA ordered from SDI 106 laser range finders, Bushnell Part Number 202320, under Purchase Order No. SPE7M1-17-P-4285 (PO 4285) (gov't mot. at 3 ¶ 13; app. resp. at 5 ¶ 13; R4, tab 84 at 840-43). In performance of PO 4285, SDI supplied Bushnell Part Number 202421, but labeled the item boxes "P/N 202320" (gov't mot. at 3 ¶ 14; app. resp. at 5 ¶ 14). DLA's April 28, 2017 payment to SDI for those range finders cleared on May 5, 2017 (R4, tab 100 at 927 ¶ 2).

On October 3, 2018, DLA ordered from SDI 162 laser range finders, Bushnell Part Number 202720, under Purchase Order No. SPE7M3-19-P-0080 (PO 0080) (gov't mot. at 4 ¶ 19; app. resp. at 5 ¶ 19; R4, tab 1 at 2, 5). PO 0080 incorporated by reference Federal Acquisition Regulation (FAR) 52.246-2, INSPECTION OF SUPPLIES – FIXED PRICE (AUG 1996) (gov't mot. at 4 ¶ 19; app. resp. at 5 ¶ 19; R4, tab 1 at 10). On November 2, 2018, the contracting officer informed SDI that, with respect to PO 0080, SDI was "not authorized to ship material until the contracting officer, in writing, lifts the restriction on shipment" (R4, tab 4 at 24). The contracting officer demanded that SDI provide "acceptable traceability documentation demonstrating the material you are providing is" Part Number 202720 (*id.*).

On November 5, 2018, SDI provided DLA a purchase order from SDI to Bushnell demonstrating that SDI intended to purchase 162 laser range finders, Part Number 202421 (gov't mot. at 4 ¶ 21; app. resp. at 5 ¶ 21; R4, tab 88 at 876-79). Also on November 5, 2018, the contracting officer issued a modification canceling PO 0080, stating that SDI's "failure to provide [traceability]" documents is a rejection of DLA's offer" (R4, tab 5 at 28). In an email sent to SDI also on November 5, 2018, the contracting officer explained that "BUSHNELL INC. DBA 13711 P/N 202720 is the only acceptable part number," and that "Purchase Order SPE7M319P0080 is an offer to buy BUSHNELL INC. DBA 13711 P/N 202720 only" (R4, tab 6 at 31).

Despite that email and the cancelation of PO 0080, in a November 20, 2018 email copied to the contracting officer, DLA informed SDI that it was "willing to take another look" at the cancelation of PO 0080, and that:

> We need to validate the reliability and accuracy of the
> purchase order you provided, since the purchase order does
> not establish the acceptance of the order and establish what
> material was delivered to [SDI] from Bushnell. Accordingly,
> if the orders are to be re-instated you must provide invoices
> for the material you purchased from Bushnell in fulfillment of
> this order.

(R4, tab 10 at 50) On November 21, 2018, SDI replied, in an email copied to the contracting officer:

> [O]ur TIER 1 cost from BUSHNELL on the JAPAN model
> PN: 202720 is $474.89. Our TIER 1 cost on the CHINA
> model PN: 202421 is $405.17 EA. Regular dealer price on
> the 202421's are $540.22 EA. Based off that info, our pricing
> to [DLA] has never surpassed the TIER 1 cost on the
> 202720's nor the dealer cost on the 202421's. We always
> assumed other BUSHNELL Gov't dealers and the Gov't PS
> on the NSN understood that CHINA model was accepted so
> that is why our price to DLA has always been competitive.

*Id.* at 49-50. SDI attached to the email an October 24, 2018 invoice from Vista Outdoor, LLC, for 162 units of Part Number 202421 (gov't mot. at 5 ¶ 25, attach. 3 at 1; app. resp. at 5 ¶ 25). On November 29, 2018, DLA informed SDI, in an email copied to the contracting officer, that:

> We have been able to confirm your order with Vista
> [Outdoor/Bushnell] for the quantity supplied against
> SPE7M319P0080 and as a result, *we will reinstate the order*.
> A modification rescinding the cancellation will be coming
> shortly.

(Gov't mot. at 5 ¶ 26; app. resp. at 5 ¶ 27; R4, tab 12 at 57) (emphasis and alteration added)

On November 30, 2018 the contracting officer issued a modification reinstating PO 0080, with no changes to the required part number (gov't mot. at 5 ¶ 27; app. resp. at 5 ¶ 27; R4, tab 14 at 73-74). Despite PO 0080 having already been reinstated, on December 3, 2018, in an email to DLA copied to the contracting officer, SDI stated:

> We are requesting a modification to note that BUSHNELL
> PN: 202421 is acceptable for the order that will be reinstated.

3

We don't want to send the product and have any hold-ups as
we have in the past . . . .

(R4, tab 15 at 76-77)[2]  On December 18, 2018, in performance of PO 0080, SDI shipped
Bushnell Part Number 202421 to DLA, and admits that the item boxes were not labeled
(gov't mot. at 6 ¶¶ 29-30; app. resp. at 6 ¶¶ 29-30).  DLA received that shipment on
December 21, 2018 (gov't mot. at 6 ¶ 29; app. resp. at 6 ¶ 29).  Also on December 21,
2018, DLA paid SDI $70,470 for that shipment (gov't mot. at 6 ¶ 31; app. resp. at 6
¶ 31).  That payment cleared on January 17, 2019 (R4, tab 100 at 925 ¶ 2).

On August 19, 2019, in response to a DLA November 16, 2018 request for
engineering support from the United States Navy regarding Part Number 202421, the
Navy responded that:

> The Rangefinder with part number 202320 (Elite 1600) was
> replaced by 202720 (1 Mile) and these units were/are built in
> Japan.  The 202421 is very similar but built in China and has
> been discontinued.  I would recommend the 202720.

(Gov't mot. at 5-6 ¶¶ 23, 32; app. resp. at 5-6 ¶¶ 23, 32; R4, tab 20 at 113)  On October 2,
2019, the Army accepted the Navy's recommendation (gov't mot. at 6 ¶ 33; app. resp.
at 7 ¶ 33).  On October 23, 2019, DLA informed SDI that the only acceptable part
number for PO 0080 was Part Number 202720 (gov't mot. at 7 ¶ 34; app. resp. at 7 ¶ 34).

---

[2] The government contends that on the next day, December 4, 2018, it sent an email to
SDI stating that:

> If we modify the order to reflect the different part number, we
> will require technical approval first.  We can do that but it
> will cause a delay. I'll have Brett and the team get with our
> technical personnel to review the part number change. In the
> meantime, we can reinstate P0080 and when/if the part
> number change is approved, you can proceed with shipping.

R4, tab 15 at 76  SDI admits that "it appears" the government sent the email, but states
that SDI has no record or recollection of receiving it (app. resp. at 6 ¶ 29).  The
address to which the email was sent ("Andy Chavez") is sufficiently distinct from
other email addresses for SDI that appear in the record and whose receipt is not at
issue (e.g., Andy Chavez; 'achavez@standbuygov.com' (R4, tab 12 at 57, tab 13
at 70)) that, even taking into account the declaration that DLA submitted on this
issue (gov't reply, attach. 2), the evidence is insufficient for us to find that SDI
received the December 4, 2018 email.

DLA admits that after December 21, 2018, "SDI did not have any further contact with DLA regarding PO 0080 until October 23, 2019—more than ten months after DLA reinstated PO 0080 and SDI shipped the [PO 0080] range finders," and that "[a]t that time, DLA informed SDI that the 202421 part would not be acceptable and that DLA intended to return the parts for a refund" (app. mot. at 14 ¶¶ 24-25; gov't reply at 6 ¶ 25). DLA also admits that "during this time, DLA was making a good faith attempt to accommodate [SDI's] request for a modification to [PO 0080] to permit supply of Bushnell Part Number 202421, and was waiting for technical acceptability determination and response from the relevant Engineering Support Activities" (gov't reply at 5-6 ¶ 25).

During the period October 23-25, 2019, DLA identified 111 items supplied by SDI to DLA that were Parts Number 202421 (gov't mot. at 7 ¶¶ 35-38; app. resp. at 7 ¶¶ 35-38). On January 24, 2020, the contracting officer revoked acceptance of those 111 laser range finders (R4, tabs 39, 94, 96). At least 106 of those range finders had been delivered to DLA no later than May 30, 2017 (R4, tab 98 at 910).

On August 14, 2020, the contracting officer issued a final decision "regarding Purchase Order SPE7M319P0080," demanding that SDI pay to DLA $49,096.65, consisting of the $48,285 that DLA paid for 111 of the range finders that SDI had delivered, plus $811.65 that DLA says it paid to "destructively dispose of this material" (R4, tab 50 at 445). SDI appealed from that decision on November 11, 2020. On January 12, 2021, the contracting officer issued a second final decision that demands $48,481.65 for the same 111 range finders ($47,670 plus disposal costs of $811.65), but breaks the demand down into the three purchase orders: (1) PO 0080 ($33,060 for 76 range finders plus $347.85 in disposal costs); (2) PO 4285 ($7,140 for 17 range finders plus $231.90 in disposal costs); and (3) PO 2702 ($7,470 for 18 range finders plus $231.90 in disposal costs) (R4, tab 100 at 929).

<u>DECISION</u>

DLA says that this appeal concerns only its demand of $33,060 for 76 of the range finders whose acceptance DLA revoked—those purchased under PO 0080—and that the Board does not possess jurisdiction to entertain SDI's challenge to DLA's demand for the remaining $15,421.65 for 35 range finders purchased under PO 4285 and PO 2720 (gov't mot. at 10). We disagree. On November 11, 2020, SDI appealed from DLA's August 14, 2020 demand that SDI pay $49,096.65 for all 111 range finders. As a result of that appeal, we possess jurisdiction to entertain SDI's challenge to DLA's demand for payment of $49,096.65 arising from DLA's purchase of all 111 range finders.

5

Turning to the revocation of acceptance, FAR 52.246-2(k) provides[3]:

> Inspections and tests by [DLA] do not relieve the Contractor of responsibility for defects or other failures to meet contract requirements discovered before acceptance. Acceptance shall be conclusive, except for latent defects, fraud, gross mistakes amounting to fraud, or as otherwise provided in the contract.

In addition, revocation of acceptance must be done within a reasonable time after the reason for the revocation is discovered, or could have been discovered with ordinary diligence. *See Raytheon Co.*, ASBCA No. 61859, 20-1 BCA ¶ 37,630 at 182,688-89. Here, DLA knew, or had reason to know, no later than November 5, 2018, that SDI had been providing and intended to continue to provide DLA Part Number 202421 instead of the requested Part Numbers 202320 and 202720, because by that date (1) SDI responded to the contracting officer's traceability request by indicating that it intended to provide Part Number 202421; (2) the contracting officer then canceled PO 0080 based on that indication; and (3) the contracting officer wrote to SDI that "P/N 202720 is the only acceptable part number." (Looked at another way, DLA knew or had reason to know as early as July 13, 2016, that SDI had been providing DLA Part Number 202421 as far back as 2014, because on that date, SDI so informed DLA in correspondence regarding its delivery of Part Number 202421 in satisfaction of PO 2702.) Nevertheless, not only did the contracting officer subsequently reinstate PO 0080 on November 30, 2018 (without having received any further and more reassuring "traceability" information that SDI would be providing Part Number 202720), the contracting officer did not revoke acceptance of the 111 range finders until January 24, 2020, more than a year later, and only after receiving the Navy's August 2019 statement that the Navy "would recommend the 202720." Indeed, DLA admits that more than ten months of that period was attributable to its own actions: (1) its attempt to accommodate SDI's request for a modification to PO 0080 to permit Part Number 202421, and (2) its wait for the Navy to provide a technical acceptability determination. For all these reasons, DLA's revocation of its acceptance of the 111 range finders at issues in this appeal is untimely. *Cf. Ordinance Parts & Eng'g Co.*, ASBCA No. 40293, 90-3 BCA ¶ 23,141 at 116,185 (revocation untimely where "nearly a year elapsed between the contracting officer's request for tests and her final decision"). Consequently, DLA's acceptance of the 111 range finders at issue is conclusive.

Because of this decision, we find it unnecessary to address the parties' other arguments.

---

[3] Although the parties do not address whether FAR 52.246-2(k) governs PO 4285 and PO 2720 as it does PO 0080, we assume for purposes of the decision that it does.

CONCLUSION

The appeal is sustained.

Dated:  July 12, 2021

_____
TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

_____
OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 62721, Appeal of Standbuy
Distributors, Inc., rendered in conformance with the Board's Charter.

Dated:  July 12, 2021

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

7